IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN GLENN REYNOLDS (TDCJ No. 1989613), | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-2443-M-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This Section 2254 habeas action, transferred to this Court from the Tyler Division of the Eastern District of Texas, *see* Dkt. No. 5, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The transferor court did not address Petitioner Justin Glenn Reynolds's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 3] prior to transferring this action to this Court.

The undersigned therefore issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the IFP motion; order that Reynolds pay the full amount to initiate this action ($5.00); and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey orders of this Court.

**Applicable Background, Legal Standards, and Analysis**

A verified inmate trust account certification attached to Reynolds's IFP motion reflects that, on September 7, 2017, his account balance was $60.00; his six-month average balance was $36.39; and the average amount deposited monthly into his account over the past six months was $111.67. *See id.* at 3. As the trust account certification reflects, therefore, over the past six months, $670.00 has been deposited into Reynolds's inmate trust account. *See id.*; *see also id.* at 1 (providing that receives "[g]ifts from family and friends totaling $111.00 per month [on] average").

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

As the filing fee for a habeas case is merely $5.00, although Reynolds is incarcerated, the financial picture he presents reflects that he can afford to pay the filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other

-2-

financial resources are less than Fifty Dollars").

**Recommendation**

The IFP application [Dkt. No. 3] should be denied, and Petitioner Justin Glenn Reynolds should be ordered to pay the $5.00 filing fee within 21 days of any order accepting this recommendation or some other reasonable time to be established by the Court, and, if he fails to do so, the Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE